WIGGINTON, Judge.
Appellant, Wewahitchka State Bank (Bank), appeals a final summary judgment in interpleader entered in favor of appellee. We reverse.
The proceeds of two life insurance policies issued by Liberty National Life Insurance Company (Liberty National) are the subject of this suit. When appellee and her former husband, Porter Mixon, were divorced in Alabama in 1978, the judgment of divorce expressly required Mr. Mixon to retain appellee as beneficiary of the two life insurance policies, of which he was the owner. No one notified Liberty National of the judgment’s restrictive provisions in regard to the policies and appellee never obtained possession of the policies, leaving possession with Mr. Mixon.
Some time later Mr. Mixon moved to Florida and in 1984 obtained a loan from appellant Bank, assigning to the Bank as collateral for the loan the life insurance policies. Prior to making the loan, the Bank contacted Liberty National and was advised that the policies were in force and effect and could be assigned for the indebtedness. Thereafter, the proper assignments were made by Mr. Mixon to the Bank in consideration for the loan. The assignments were acknowledged by Liberty National in December 1984. Since that time, the Bank has continued to hold in its possession the original insurance policies along with the assignments.
In April 1985, Mr. Mixon died. He still was indebted to the Bank on the above- *1329 mentioned loan and therefore the Bank presented its claim on the life insurance policies to Liberty National. However, faced with a claim on the same policies by appellee, Liberty National brought an inter-pleader action and was permitted by the court to deposit the life insurance proceeds from the policies in question into the court registry. Both the Bank and appellee moved for summary judgment based upon the undisputed facts. The trial court found appellee’s interest in the proceeds to be superior to the interest of the Bank and thereby awarded the proceeds to appellee.
The Bank contends that its interest in the proceeds, as a bona fide assignee, is superi- or to appellee’s equitable interest created by the divorce decree, especially in light of the facts that appellee never perfected her interest by notifying Liberty National of her beneficiary status while the Bank did so notify Liberty National of its interest, and appellee never took possession of the policies. We agree.
The question involved here is one of first impression in Florida. Therefore, we draw support from other authorities for our conclusion that the claim of the Bank, as a bona fide assignee of life policies, is superi- or to that of appellee, as the holder of an equitable interest therein. In Couch On Insurance 2d (Rev.Ed.) Section 63A:293, the author provides the following insight into the issue involved here:
Although a policy of life insurance is not a negotiable instrument, there is authority that a bona fide assignee for value in a life policy who has no notice of latent equities in a third party takes the assignment free and clear of such equities....
In section 63A:301, Couch states:
Delivery of the policy is not requisite to the validity of the assignment, as between the assignor and assignee, but if the assignee permits the assignor to retain possession, and the assignor makes a subsequent assignment thereof to another person, who accepts such assignment in good faith, with no knowledge of a prior assignment, the latter will have a superior equity to that of the prior as-signee.
In 59 A.L.R.3d 9, Divorce — Maintenance of Life Insurance, Section 3[a], in discussing problems arising from divorce settlements in which one spouse maintains a life insurance policy for the benefit of the other, the author points out that the more preferable method is to transfer the policy absolutely to the beneficiary so that the insurance company can deal directly with that beneficiary and will be on notice of the terms of the divorce agreement or decree.
The situation involved in this appeal is substantially different from that involved in many of the cases relied upon by appel-lee in which, despite the language of a divorce decree making the insured’s ex-spouse the irrevocable beneficiary of a life insurance policy, the insured named, without consideration, a new donee beneficiary on the policy. In those cases, the former spouse has been found to be the superior beneficiary since the later named beneficiary was not a bona fide purchaser or assignee of the policy. The situation involved here is more akin to that in which the later named beneficiary in effect becomes a bona fide purchaser of the policy with rights superior to that of one with even a vested equitable interest. For example, see Greenberg v. Greenberg, 264 Cal.App.2d 896, 71 Cal.Rptr. 38 (1968), in which, pursuant to a property settlement agreement due to divorce, Mr. Greenberg promised to make his first wife the irrevocable beneficiary of a certain sum of life insurance. His first wife never took any action to assert her claim during Green-berg’s lifetime. He later remarried and, due to his financial difficulties, named his second wife the beneficiary of the policies, and without notice of his earlier promise to his first wife, the second wife made the premium payments on his various life insurance policies until his death. The court determined that the second wife was entitled to the proceeds due to her position as a bona fide purchaser of the policies. The court recognized the first wife’s equitable interest in the policies, which would be superior to the interest of a mere donee beneficiary but which does not establish in *1330 her a claim superior to that of a bona fide purchaser.
Likewise, in the instant situation, as the bona fide assignee for value of the life insurance policies in question, appellant Bank has an interest superior to appellee’s equitable interest. The Bank’s status as a bona fide assignee was made possible by appellee’s total inaction in protecting her interest in the policies by either taking possession thereof or by at least timely notifying Liberty National of her claim. Therefore, the Bank is entitled to the proceeds of the two policies in question.
REVERSED.
WENTWORTH and NIMMONS, JJ., concur.